J-S09038-15

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| COMMONWEALTH OF PENNSYLVANIA, | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellee | |
| v. | |
| KEVIN TYLER WHITTLE, | |
| Appellant | No. 1532 WDA 2014 |

Appeal from the PCRA Order entered August 18, 2014,
in the Court of Common Pleas of Butler County,
Criminal Division, at No(s): CP-10-CR-0000244-2006

BEFORE:  FORD ELLIOTT, P.J.E., BOWES, and ALLEN, JJ.

MEMORANDUM BY ALLEN, J.:                    **FILED FEBRUARY 10, 2015**

Kevin Tyler Whittle ("Appellant") appeals from the order denying his untimely petition for post-conviction relief filed pursuant to the Post Conviction Relief Act ("PCRA").  42 Pa.C.S.A. §§ 9541-46.  We affirm.

The pertinent facts and procedural history are as follows:

> On January 5, 2006, Pennsylvania State Trooper Brian G. Crouch received information from an anonymous source that [Appellant] and his former girlfriend, co-conspirator Cassandra Cunningham, were selling heroin from a home at 328 North Broad Street in Butler, PA.  Based on this information, Trooper Crouch, with the assistance of a confidential informant, arranged two controlled purchases of heroin from [Appellant] and Cunningham.  After the second purchase, on January 12, 2006, the trooper applied for a search warrant for 328 North Broad Street.  The warrant was executed on January 13, 2006, and narcotics and firearms were recovered from the house.  Appellant, who arrived at the residence approximately five to ten minutes after the search began, was arrested and subsequently charged with, *inter alia*, possession with intent to deliver heroin, delivery of heroin, possession of

drug paraphernalia, criminal conspiracy, and violations of the Uniform Firearms Act.

Appellant filed an omnibus pretrial motion seeking suppression of the evidence obtained during the execution of the search warrant, as well as a statement [Appellant] made to the police at the time of his arrest. The motion was denied by the trial court on June 12, 2006. Two months later, on August 24, 2006, a jury found [Appellant] guilty of all charges. Appellant was sentenced, on September 28, 2006, to an aggregate term of imprisonment of 14½ years to 29 years. Appellant filed a post-sentence motion, which was denied by the trial court on February 1, 2007. [While his counseled post-sentence motion was pending, Appellant filed a *pro se* PCRA petition that the trial court promptly denied as premature].

*Commonwealth v. Whittle*, 951 A.2d 1220 (Pa. Super. 2008), unpublished memorandum at 1-3 (footnotes omitted).

Pertinent to his present appeal, Appellant's aggregate sentence included a mandatory minimum sentence of five years for Appellant's possession with intent to deliver conviction, pursuant to 18 Pa.C.S.A. § 7508 and 42 Pa.C.S.A. § 9712.1. *See* Sentence, 9/28/06, at 1.

Appellant filed a timely direct appeal to this Court. On February 15, 2008, we rejected Appellant's claims, and affirmed his judgment of sentence. *Whittle*, *supra*. On August 6, 2008, our Supreme Court denied Appellant's petition for allowance of appeal. *Commonwealth v. Whittle*, 2008 Pa. LEXIS 1242, ____ A.2d ____ (Pa. 2008).

Appellant filed a *pro se* PCRA petition on November 6, 2009. The PCRA court appointed counsel, and PCRA counsel subsequently filed a "no-merit" letter pursuant to *Commonwealth v. Turner*, 544 A.2d 927 (Pa.

1988), and **Commonwealth v. Finley**, 550 A.2d 213 (Pa. Super. 1988) (*en banc*). Subsequently, the PCRA court permitted PCRA counsel to withdraw, and dismissed Appellant's PCRA petition on June 3, 2010. Appellant filed a timely appeal. In an unpublished memorandum filed on April 20, 2011, this Court affirmed the PCRA court's order denying Appellant post-conviction relief. **Commonwealth v. Whittle**, 29 A.3d 841 (Pa. Super. 2010). Appellant did not file a petition for allowance of appeal with our Supreme Court.

On December 9, 2013, Appellant filed a second *pro se* PCRA petition. On December 20, 2013, the PCRA court issued Pa.R.Crim.P. 907 notice of its intent to dismiss Appellant's second PCRA petition because it was untimely, and Appellant failed to prove an exception to the PCRA's time-bar. Rather than file a response to the PCRA court's notice, Appellant filed an appeal to this Court. We quashed the appeal because there was no final order entered. By order entered August 18, 2014, the PCRA court denied Appellant's second PCRA petition. This timely appeal followed. Both Appellant and the PCRA court have complied with Pa.R.A.P. 1925.

This Court's standard of review regarding an order dismissing a petition under the PCRA is whether the determination of the PCRA court is supported by the evidence of record and is free of legal error. **Commonwealth v. Halley**, 870 A.2d 795, 799 n.2 (Pa. 2005). The PCRA court's findings will not be disturbed unless there is no support for the findings in the certified record. **Commonwealth v. Carr**, 768 A.2d 1164,

- 3 -

1166 (Pa. Super. 2001). Moreover, a PCRA court may decline to hold a hearing on the petition if the PCRA court determines that the petitioner's claim is patently frivolous and is without a trace of support in either the record or from other evidence. **Commonwealth v. Jordan**, 772 A.2d 1011 (Pa. Super. 2001).

Before addressing the issues Appellant presents on appeal, we must first consider whether the PCRA court properly determined that Appellant's petition was untimely. The timeliness of a post-conviction petition is jurisdictional. **Commonwealth v. Albrecht**, 994 A.2d 1091, 1093 (Pa. 2010) (citation omitted). Thus, if a petition is untimely, neither an appellate court nor the PCRA court has jurisdiction over the petition. **Id**. "Without jurisdiction, we simply do not have the legal authority to address the substantive claims" raised in an untimely petition. **Id**.

Generally, a petition for relief under the PCRA, including a second or subsequent petition, must be filed within one year of the date the judgment becomes final unless the petition alleges, and the petitioner proves, an exception to the time for filing the petition. **Commonwealth v. Gamboa-Taylor**, 753 A.2d 780, 783 (Pa. 2000); 42 Pa.C.S.A. § 9545(b)(1). Under these exceptions, the petitioner must plead and prove that: "(1) there has been interference by government officials in the presentation of the claim; or (2) there exists after-discovered facts or evidence; or (3) a new constitutional right has been recognized." **Commonwealth v. Fowler**, 930 A.2d 586, 591 (Pa. Super. 2007) (citations omitted). A PCRA petition

invoking one of these statutory exceptions must "be filed within sixty days of the date the claim first could have been presented." **Gamboa-Taylor**, 753 A.2d at 783. **See also** 42 Pa.C.S.A. § 9545(b)(2). Moreover, exceptions to the time restrictions of the PCRA must be pled in the petition, and may not be raised for the first time on appeal. **Commonwealth v. Burton**, 936 A.2d 521, 525 (Pa. Super. 2007); **see also** Pa.R.A.P. 302(a) ("Issues not raised before the lower court are waived and cannot be raised for the first time on appeal.").

Appellant's judgment of sentence became final on November 4, 2008, when the ninety-day period for filing a writ of certiorari with the United States Supreme Court expired. **See** U.S.Sup.Ct.R. 13; 42 Pa.C.S.A. § 9545(b)(3). Therefore, Appellant had to file the PCRA petition at issue by November 4, 2009 in order for it to be timely. As Appellant filed the instant petition on December 13, 2013, it is untimely unless he has satisfied his burden of pleading and proving that one of the enumerated exceptions applies. **See Commonwealth v. Beasley**, 741 A.2d 1258, 1261 (Pa. 1999).

Appellant has failed to prove the applicability of any of the exceptions to the PCRA's time restrictions. Appellant contends that his PCRA falls under the exception of subsection 9545(b)(1)(iii) because the United States Supreme Court recognized a new constitutional right in **Alleyne v. United States**, 133 S.Ct. 2151 (2013). In **Alleyne**, the high court held that "facts

that increase mandatory minimum sentences must be submitted to the jury." *Alleyne*, 133 S.Ct. at 2163. Appellant's claim fails for two reasons.

First, *Alleyne* was decided on June 17, 2013. As recognized by the PCRA court, *see* PCRA Court Opinion, 12/20/13, at 1-2, Appellant did not file the instant PCRA petition until almost six months later, well outside the PCRA's requirement. *See Gamboa-Taylor*, *supra*; 42 Pa.C.S.A. § 9545(b)(2). Appellant cites no authority for his claim that his tardiness should be excused because he was unrepresented by counsel. *See* Appellant's Brief at 30-31.[1]

Second, in the similar case of *Commonwealth v. Miller*, 102 A.3d 988 (Pa. 2014), we rejected a PCRA petitioner's attempt to rely upon the *Alleyne* decision:

> Even assuming that *Alleyne* did announce a new constitutional right, neither our Supreme Court, not the United States Supreme Court has held that *Alleyne* is to be applied retroactively to cases in which the judgment of sentence had become final. This is fatal to [Miller's] argument regarding the PCRA time-bar. This Court has recognized that a new rule of constitutional law is applied retroactively to cases on collateral review only if the United States Supreme Court or our Supreme Court specifically holds it to be retroactively applicable

---

[1] For this same reason, we reject Appellant's claim that he had sixty days from this Court's decision in *Commonwealth v. Newman*, 99 A.3d 86 (Pa. Super. 2014) (*en banc*) to file his PCRA petition. *See* Appellant's Brief at 31.

to those cases. ***Commonwealth v. Phillips***, [] 31 A.3d 317, 320 (Pa. Super. 2011), *appeal denied*, 615 Pa. 784, 42 A.3d 1059 (Pa. 2012), *citing* ***Tyler v. Cain***, 533 U.S. 656, 663, 121 S.Ct 2478, 150 L.Ed. 2d 632 (2001); ***see also***, ***e.g.***, ***Commonwealth v. Taylor***, [] 933 A.2d 1035, 1042 (Pa. Super. 2007) (stating "for purposes of [42 Pa.C.S.A. § 9545(b)(1)(iii)], the language 'has been held by that court to apply retroactively' means the court announcing the rule must have also ruled on the retroactivity of the new constitutional right, before the petitioner can assert retroactive application of the right in a PCRA petition[]"), *appeal denied*, 597 Pa. 715, 951 A.2d 1163 (Pa. 2008). Therefore, [Miller] has failed to satisfy the new constitutional right exception to the time bar.

We are aware that an issue pertaining to ***Alleyne*** goes to the legality of the sentence. ***See Commonwealth v. Newman***, 99 A.3d 86, [90] (Pa. Super. 2014) (*en banc*) (stating, "a challenge to a sentence premised upon ***Alleyne*** likewise implicates the legality of the sentence and cannot be waived on appeal[]"). It is generally true that "this Court is endowed with the ability to consider an issue of illegality of sentence *sua sponte*." ***Commonwealth v. Orellana***, [] 86 A.2d 877, 883 n.7 (Pa. Super. 2014) (citation omitted). However, in order for this Court to review a legality of sentence claim, there must be a basis for our jurisdiction to engage in such a review. ***See Commonwealth v. Borovichka***, [] 18 A.3d 1242, 1254 (Pa. Super. 2011) (stating, "[a] challenge to the legality of a sentence . . . may be entertained as long as the reviewing court has jurisdiction[]") (citation omitted). As this Court recently noted, "[t]hough not technically waivable, a legality [of sentence] claim may nevertheless be lost should it be raised . . . in an untimely PCRA petition for which no time-bar exception applies, thus depriving the court of jurisdiction over the claim." [***Commonwealth v. Seskey***, 96 A.3d 237, 242 (Pa. Super. 2014)]. As a result, the PCRA court lacked jurisdiction to consider the merits of [Miller's] second PCRA petition, as it was untimely filed and no exception was proven.

***Miller***, 102 A.3d at 995-96 (footnote omitted).

The above discussion in **Miller** explains the second reason why Appellant's attempt to meet the PCRA's time bar pursuant to § 9545(b)(iii) fails.

In sum, Appellant's PCRA petition is facially untimely, and he has failed to meet his burden of proof with regard to any exception to the timeliness requirements of the PCRA. We therefore affirm the PCRA court's denial of Appellant's petition for post-conviction relief.

Order affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 2/10/2015